IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAY AIKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-111 |
| | ) | |
| RALPH KEMP, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Coffee Correctional Facility ("CCF") and Wheeler Correctional Facility ("WCF"). Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

### A. Background

Plaintiff names as Defendants in this case: (1) Ralph Kemp, Warden at WCF; (2) Correction Corporation of America ("CCA"); and (3) Brian Owens, Commissioner of the Georgia Department of Corrections. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Plaintiff experienced a grand mal seizure at WCF, a private prison run by CCA, on October 22, 2013. (Id. at 5.) Three weeks

prior to having the seizure, he wrote a letter to Defendant Kemp complaining about exposure to second hand smoke that aggravates Plaintiff's asthma and can cause him to have a seizure. (Id. at 5, 7.) Plaintiff had difficulty getting treatment from the medical department at WCF, so he requested a move to the administrative segregation unit to escape the second hand smoke exposure in his regular dorm. (Id. at 7.) However, because of bed availability issues, Plaintiff was assigned to a top bunk even though he had a profile for a bottom bunk. (Id.) Plaintiff asked to see a neurologist because he felt his seizures were not getting proper medical treatment, but his request was denied. (Id.) He was subsequently transferred to CCF, another prison run by CCA. (Id.) Plaintiff again had to refuse his housing assignment and accept placement in administrative segregation in an effort to avoid exposure to second hand smoke. (Id.)

As relief, Plaintiff asks the Court to issue an injunction to improve the medical care and "unsafe harsh conditions" at CCA facilities, stop guard brutality and harassment, and stop the illegal acts in segregation. (Id. at 6.) He also requests $500,000 in damages "because of medical neglect." (Id.)

### B. Leave to Amend Complaint

Here, Plaintiff's allegations do not allow the Court to conduct a meaningful initial review of his complaint. Plaintiff does not describe his medical condition in sufficient detail, does not sufficiently describe what, if any impact, to his health due to any delay in medical care, and he does not describe when and what medical treatment he did receive for this condition. Nor does Plaintiff describe the circumstances of his exposure to second hand smoke.

Plaintiff also fails to describe with sufficient factual detail how each named defendant purportedly violated his constitutional rights. In fact, he mentions Defendant Kemp only as the

recipient of a letter, and he mentions CCA only as the company that runs WCF and CCA. He never mentions Defendant Owens in his statement of claim. Nor has Plaintiff explained what "guard brutality and harassment" or "illegal acts in segregation" have occurred, let alone explained how any of the three named Defendants are responsible for any such actions.

The Court recognizes that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure the pleading deficiencies outlined above by amending his complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within fourteen days of the date of this Order.[1] Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint, in accordance with the instructions herein.

## II. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power

---

[1] The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[2] Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

    Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if

---

[2]For example, Plaintiff should not simply state, "See attached documents."

any, claims are viable and which, if any, defendants should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 27th day of January, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA