IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAY AIKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-111 |
| | ) | |
| RALPH KEMP, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Georgia State Prison in Reidsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). Accordingly, the Court screened Plaintiff's complaint and because of certain pleading deficiencies, allowed Plaintiff an opportunity to amend his complaint. (See doc. no. 16.) Plaintiff submitted an amended complaint that is now before the Court for screening. (Doc. no. 19.)

The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's amended complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether, while incarcerated, they have brought federal lawsuits dealing with facts other than those involved in the current action, (3) the disposition of any such lawsuits, (4)

2

whether they were allowed to proceed IFP in any such lawsuits, and (5) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 19, pp. 1-3.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the same facts as those involved in the current action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the parties, the court hearing the case, the date of filing and disposition, and whether he was allowed to proceed IFP. (Id. at 1-2.)

## II.  DISCUSSION

Here, under penalty of perjury, Plaintiff did not identify any other case he had filed, whether dealing with the same or other facts than this case; nor did he disclose whether he had been allowed to proceed IFP in any other case. (Id. at 1-2.) However, the Court is aware that after the commencement of the above-captioned case on October 3, 2014, but before the Court ordered him on January 27, 2015 to amend his complaint, Plaintiff filed another case in the Waycross Division of this Court naming four of the same Defendants and complaining, *inter alia*, about medical treatment for "grandma seizures," exposure to second-hand smoke, and guard brutality and harassment at private prison facilities operated by Correction[s] Corporation of America ("CCA"). Plaintiff made these same allegations in the current case.[1] Compare Aiken v. Perry, et al., CV 514-097, doc. no. 1 (S.D. Ga. Nov. 20, 2014) with Aiken v. Kemp, et al., CV 314-111, doc. no. 19 (S.D. Ga. Feb. 13, 2015). Plaintiff also requested and received permission to proceed IFP in the Waycross case. Aiken, CV 514-097, doc. nos. 2, 6.

---

[1] The four overlapping Defendants are CCA, Commissioner of the Georgia Department of Corrections Brian Owens, Chief Executive Officer of CCA Damon Hininger, and Regional Director for CCA Melody Turner. Compare Aiken v. Perry, et al., CV 514-097, doc. no. 1 (S.D. Ga. Nov. 20, 2014) with Aiken v. Kemp, et al., CV 314-111, doc. no. 19 (S.D. Ga. Feb. 13, 2015).

3

When this Court directed Plaintiff to amend his original complaint, he was forewarned that the amended complaint would supersede and replace in its entirety his previous pleading. (Doc. no. 16, p. 3 (citing Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011) and Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).) Plaintiff attested on February 6, 2015, under penalty of perjury, that the information in his amended complaint "is true and correct." (Doc. no. 19, p. 9.) However, at that time he executed the amended complaint, Plaintiff had initiated, and been allowed to proceed IFP in, at least one other federal civil action raising claims about the conditions of his confinement, to include alleged inadequate medical treatment for seizures, exposure to second-hand smoke, and mistreatment by prison guards. Thus, Plaintiff provided dishonest information about his prior filing history.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of

4

Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). As discussed above, Plaintiff's answers about filing prior IFP lawsuits and the factual basis for such were blatantly dishonest, and this case should be dismissed without prejudice as a sanction for the dishonesty.

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his prior filing history, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 18th day of February, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA